# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ERIC JOHN GUILBEAU (#462114)**                          **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**                          **NO. 23-00790-BAJ-EWD**

### RULING AND ORDER

On August 22, 2023, Petitioner, an inmate incarcerated at the Louisiana State Penitentiary, filed a complaint pursuant to 42 U.S.C. § 1983 which, properly construed, challenges the constitutionality of his ongoing confinement on the basis that he was not convicted by a unanimous jury. (Doc. 1). The Magistrate Judge has now issued a Report and Recommendation, which acknowledges the nature of Petitioner's claims, and recommends dismissal on the basis that such claims "may only be brought in a habeas corpus proceeding under 28 U.S.C. § 2254." (Doc. 3 at p. 3). Petitioner objects to dismissal, and contends that since Petitioner's claims challenge Petitioner's conviction, rather than the validity of his confinement, Petitioner's claims are justiciable under 42 U.S.C. § 1983. (Doc. 4). As noted by the Magistrate Judge, challenges to the constitutionality of a state court conviction may only be brought by way of a habeas petition. *Williams v. Dallas Cnty. Comm'rs*, 689 F.2d 1212, 1214 (5th Cir. 1982).

Upon de novo review, and having carefully considered Petitioner's Complaint, the Report, and Petitioner's objections, the Court **APPROVES** the Report and

**ADOPTS** it as the Court's opinion in this matter.[1]

Accordingly,

**IT IS ORDERED** that Petitioner's constitutional claims be and are hereby **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 31ˢᵗ day of January, 2024

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Petitioner is advised that construing the complaint as a habeas petition pursuant to 28 U.S.C. § 2254 would be futile because the United States Supreme Court has held that the unanimous jury requirement announced in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), is not retroactive. *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021).